**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| AMBER COOPER, individually and on behalf of all others similarly situated,<br>*Plaintiff*,<br>v.<br>TELMATE LLC D/B/A VIAPATH TECHNOLOGIES,<br>*Defendant*. | Case No. 1:24-CV-1622 |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF NOTICE PLAN, AND APPOINTMENT OF CLASS COUNSEL**

Before this Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Settlement Class, Approval of Notice Plan, and Appointment of Class Counsel ("Motion"). The Court has reviewed the Motion and Settlement Agreement between the Plaintiff and Defendant Telmate LLC d/b/a Viapath Technologies ("Telmate" or "Defendant"). Having reviewed the Motion, the Settlement Agreement and its exhibits, and the supporting declarations, the Court finds that preliminary approval is warranted for the reasons set forth below.

**IT IS HEREBY ORDERED THAT:**

1. The Court has reviewed the Settlement Agreement and, for purposes of preliminary approval, finds that the Court will likely be able to approve the Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Final Approval Hearing described below. The Court further finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> All individuals within the United States of America whose Personal Information was impacted during the Security Incident experienced by Defendant on approximately August 13, 2020.

3. For settlement purposes only, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied. Specifically, the Settlement Class consists of approximately 431,031 members, making joinder impracticable; there are questions of law and fact common to the Settlement Class, including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information allegedly compromised in the Security Incident; Plaintiff's claims are typical of those of the Settlement Class because they arise from the same alleged conduct; Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class; common questions predominate over questions affecting only individual Settlement Class Members; and a class action is superior to other available methods for fairly and efficiently resolving the controversy for settlement purposes.

4. The Court appoints Plaintiff Amber Cooper as the Class Representative.

5. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Kevin Laukaitis of Laukaitis Law LLC as Class Counsel for the Settlement Class.

6. The Court appoints Kroll Settlement Administration, LLC as the Settlement Administrator.

7. Pursuant to the Settlement Agreement, Costs of Settlement Administration shall be paid from the Qualified Settlement Fund in an amount not to exceed $493,077.

8. A Final Approval Hearing shall be held before the Court on ________________ at _____________ for the following purposes:

a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court.

b. To determine whether to finally certify the Settlement Class for settlement purposes;

c. To determine whether the Notice Plan was implemented in accordance with this Order and satisfied the requirements of Rule 23 and due process;

d. To determine whether the requested Class Representative Service Award of up to $5,000, Class Counsel's requested attorneys' fees of up to one-third (1/3) of the Settlement Fund ($1,408,333.33), and reimbursement of reasonable litigation expenses not to exceed $35,000.00, should be approved by the Court.

9. The Court approves the form and content of the Long Notice and Short Notice, substantially in the forms attached to the Settlement Agreement. Furthermore, the Court approves the implementation of the Settlement Website and the Notice Plan, including direct mailed notice and supplemental notice through publication, targeted digital advertising, search advertising, social media advertising, and reasonable efforts to provide notice within correctional facilities, substantially as described in the Settlement Agreement and the exhibits to the Motion for Preliminary Approval of Class Action Settlement. The Court finds that the Notice Plan meets the requirements of Fed. R. Civ. P. 23 and due process, is the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement, and their rights and options.

10. The Court approves the following Settlement Timeline for implementation of the Settlement and Notice Plan:

**SETTLEMENT TIMELINE**

| ACTION | DEADLINE |
|---|---|
| Telmate Deposits Initial $493,077.00 into Qualified Settlement Fund | No later than five (5) days after entry of the Preliminary Approval Order |
| Notice Plan Commences / Notice Date | Within thirty (30) days after entry of the Preliminary Approval Order |
| Motion for Attorneys' Fees, Cost Reimbursement, and Class Representative Service Award | Sixty (60) days after the Notice Date |
| Objection Date | Ninety (90) days after the Notice Date |
| Opt-Out/Exclusion Date | Ninety (90) days after the Notice Date |
| Claims Deadline | Ninety (90) days after the Notice Date |
| Settlement Administrator's Final Opt-Out Report to Counsel | No later than ten (10) days after the Claims Deadline |
| Final Approval Brief and Response to Objections | Thirty (30) days before the Final Approval Hearing |
| Final Approval Hearing | Friday, December 18, 2026 at 10:00 am |

11. In order to be timely under the Settlement, a Claim Form must be either postmarked or electronically submitted to the Settlement Administrator no later than ninety (90) days after the Notice Date. Class Counsel and the Settlement Administrator shall ensure that all specific dates and deadlines are included in the Notices and posted on the Settlement Website following entry of this Order.

12. All requests to opt out of the proposed Settlement must be mailed to the Settlement Administrator and postmarked no later than ninety (90) days after the Notice Date. Any request to opt out should, to the extent possible, contain words or phrases such as "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the Settlement or be bound by the Settlement Agreement. Settlement Class Members who timely and validly opt out shall receive no benefit or compensation under the Settlement and shall not be bound by the Settlement Agreement.

13. Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). To be timely and valid, an objection must be filed with the Court no later than ninety (90) days after the Notice Date and must include:

i. the objector's full name, address, telephone number, and email address (if any);

ii. information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class to the extent reasonably available (e.g., copy of notice or copy of original notice of the Security Incident);

iii. a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

iv. the identity of all counsel representing the objector;

v. the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

vi. a list of all individuals who will be called to testify at the Final Approval Hearing in support of the objection;

vii. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

viii. the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation.

Any Settlement Class Member who fails to comply with these requirements shall waive and forfeit any objection to the Settlement Agreement, except upon a showing of good cause. A Settlement Class Member who timely and validly opts out of the Settlement may not object to the Settlement.

14. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly

request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Telmate in this Action.

15. Pending final determination of whether the Settlement Agreement should be approved, the Plaintiff and the Settlement Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Telmate.

16. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties and approved by the Court, without further notice to the Settlement Class, provided that such modifications do not materially alter the rights of Settlement Class Members.

IT IS SO ORDERED.

/s/ LMB

Leonie M. Brinkema
United States District Judge 8/19/26